UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRA ALSTON,<br><br>             Plaintiff,<br> v.<br><br>THERESA LANTZ, et al.,<br><br>             Defendants. | PRISONER<br>3:12-CV-00147 (CSH) |

**ORDER**

Plaintiff Ira Alston (hereafter "Plaintiff"), currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, has filed an Amended Complaint *pro se* under 42 U.S.C. § 1983 seeking damages and injunctive relief. [Doc. 12].

On July 10, 2013, the Court issued an Order in which it afforded Plaintiff a final opportunity to provide service names and addresses for several defendants in this action. *See* [Doc. 27]. As the Court stated, in "the Court's May 15, 2013 Initial Review Order, the Court [had] advised Plaintiff that, as it had previously informed him, 'service cannot be effected on Defendants John Doe ##9-12 without their full names and current work addresses.'" *Id.* The Court further stated that in "a subsequent Order dated June 5, 2013, this Court noted that while the Clerk had attempted to obtain service addresses for the Defendants listed by Plaintiff in this action as 'C.O. Santiago' and 'C.O. Pagan,' the Department of Correction Office of Legal Affairs had informed the Court that it currently employs six individuals with the last name 'Santiago' and two individuals with the last name 'Pagan.'" *Id.* The Court accordingly "directed Plaintiff to ascertain the full names of the two Defendants ... listed at page 3 of his Amended Complaint as

'C.O. Santiago' and 'C.O. Pagan,' and to file a notice with the Court containing these Defendants' full names." *Id.* While the Court noted that Plaintiff had submitted some information with respect to the defendant he had identified in his Amended Complaint as 'C.O. Santiago,' specifically this individual's place of work, the Court stated that "[t]his information ... [was] not sufficient to identify Defendant C.O. Santiago." *Id.* The Court concluded this July 10, 2013 Order by setting a final deadline by which Plaintiff must provide "information sufficient for identification of Defendants John Doe ##9-12 and Defendants 'C.O. Santiago' and 'C.O. Pagan'" – Wednesday, July 24, 2013. *Id.* The Court specified that if Plaintiff did not "provide[] such information by Wednesday, July 24, 2013, all claims against any such Defendants for whom such information was not submitted [would] be dismissed without further notice." *Id.*[1]

On July 22, 2013, Plaintiff filed a Motion for Reconsideration, [Doc. 28], with respect to the aforementioned July 10, 2013 Court Order, [Doc. 27], in which Plaintiff "respectfully request[ed] that this Court reconsider" its prior Orders and "permit Plaintiff sixty (60) days after the filing of any appearance on behalf of the Defendants for the purpose of discovering the full names and addresses of C.O., not 'C.T.O. Santiago,' C.O. Pagan[,] and John Doe ##9-12." [Doc. 28] at 3-4. Plaintiff explained that he "is pro se, and incarcerated," and thus the "full names of the

---

[1] Fed. R. Civ. P. 4(m) provides that service must be effected within 120 days after a complaint is filed in an action. However, if a plaintiff is able to show "good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff commenced this action when he filed a Complaint on January 31, 2012. Although the Court is required to effect service for Plaintiff, as he is proceeding *in forma pauperis* in this action, it is Plaintiff who is responsible for providing service information to the Court. The Clerk's Office attempted to facilitate service by verifying the Plaintiff's identifying information with the Department of Correction; however, these attempts were unsuccessful as to the identities and full names of the defendants referred to as "C.O. Santiago" or "C.T.O. Santiago," and "C.O. Pagan."

Defendants" is not information to which Plaintiff is privileged. *Id.* at 2. Thus, Plaintiff contended, without "[t]he opportunity for discovery it is impossible ... to obtain the information necessary to identify those defendants." *Id.* at 3.

Further, specifically with respect to the Defendant Plaintiff had most recently identified as "C.T.O. Santiago," Plaintiff wrote that although he had "provided this Court with the current work address of Defendant C.O. Santiago whom is now C.T.O. Santiago assigned to the B-2 housing unit at Walker C.I. 1153 East Street South Suffield CT 06080 ... [t]he Court ha[d] informed ... Plaintiff that this information [was] insufficient to identify Defendant C.O. Santiago." *Id.* at 2. Plaintiff averred that "there is only one B-2 housing unit at Walker [Correctional Institute]," and, as well, only "*one* C.T.O. named Santiago assigned/posted within that unit." *Id.* (emphasis in original).

Plaintiff has stated that he cannot ascertain the full names or identities of all aforementioned defendants without engaging in discovery. He is free to do exactly that – i.e., to attempt to ascertain the full names and identities of all aforementioned defendants – over the course of discovery as this litigation proceeds. If and when Plaintiff is successful in this respect, he may file a motion for leave to amend his Complaint, including claims against all defendants he is at that time able to identify. Any such motion to amend shall include information demonstrating that such claims are timely.

Plaintiff's Motion for Reconsideration [Doc. 28] is therefore GRANTED to the extent that Plaintiff may move to file an amended complaint if and when he has obtained sufficient service information for defendants C.O. Santiago, or C.T.O. Santiago, C.O. Pagan, and John Doe ##9-12.

3

      The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       November 7, 2013

                                            */s/Charles S. Haight, Jr.*
                                            Charles S. Haight, Jr.
                                            Senior United States District Judge