UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRA ALSTON,<br><br>              Plaintiff,<br>v.<br><br>THERESA LANTZ, et al.,<br><br>              Defendants. | PRISONER<br>3:12-CV-00147 (CSH) |

### RULING

On September 24, 2012, Plaintiff Ira Alston (hereafter "Plaintiff"), currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, filed an Amended Complaint[1] *pro se* under 42 U.S.C. § 1983 seeking damages and injunctive relief. [Doc. 12]. This Amended Complaint is the operative complaint in this action. On January 29, 2014, Plaintiff filed a motion moving that the Court construe his Amended Complaint to contain three additional defendants – Lieutenants Ramos, Saylor, and Bellerose – who were not named in the case caption as parties to this action or, in the alternative, that the Court allow Plaintiff additional time in which to file a proposed Second Amended Complaint which adds the three aforementioned individuals as defendants to the action. [Doc. 40]. Approximately two weeks later, on February 11, 2014, Defendants filed a motion seeking an extension of time in which to respond to respond to Plaintiff's Amended Complaint, asking that the Court extend such deadline "until the later of thirty days after the [C]ourt rules on ... [P]laintiff's motion for permission to amend the complaint

---

[1] Plaintiff was ordered to amend his complaint to conform to the rule that all Defendants be named in the caption of the Complaint. [Doc. 5]. He did so on September 24, 2012, filing an Amended Complaint on that date. *See* [Doc. 12].

... or thirty days after the [C]ourt conducts an initial review order of ... [P]laintiff's amended complaint and service is effectuated on any new party." [Doc. 41] at 1.  For the reasoning articulated below, the Court **GRANTS** Plaintiff's motion, [Doc. 40], and **DENIES** Defendants' motion, [Doc. 41].

  Plaintiff seeks leave to add Lieutenants Ramos, Saylor and Bellerose as defendants in this action although their names were not included in the caption of either Plaintiff's original or amended complaints.  As the Court noted in its January 16, 2014 Order – issued in response to Defendant's January 15, 2014 motion for articulation, which posed the question of whether these three individuals were parties in this case – "while the actions of Ramos, Saylor, and Bellerose [were] discussed in Plaintiff's Amended Complaint, and, further, [while] the text of the Amended Complaint [did] at turns refer to these three individuals as 'defendants,' none of these three individuals [were] named as defendants in the caption of the Amended Complaint, and therefore pursuant to Fed. R. Civ. P. 10(a), they [were] not Defendants in this matter." [Doc. 39] (citations omitted).  Thus, "[b]ecause [Plainitff] has not included [these individuals] in the caption of his Complaint, they are not defendants in this action at this time and the Court will not consider any claims against them."  Gilhooly v. Armstrong, No. 3:03-CV-01798, 2006 WL 322473 at *2 (D.Conn. Feb. 9, 2006).

  The Court further noted in its January 16, 2014 Order that while it is true that "[w]hen a plaintiff omits the name of a defendant from the caption, but accurately identifies the defendant and includes allegations against [the defendant] in the body of the complaint," courts may under some circumstances permit the plaintiff "to proceed as to [such] a defendant[,] who has not been named in the caption, but who has been sufficiently identified and put on notice of the claims

2

against it based on the allegations in the body of the complaint." *See, e.g., Dolphin v. Waterbury Police Dep't*, No. 3:05-CV-00426, 2008 WL 2568667 at *4 (D.Conn. June 24, 2008) (citations omitted); *see also, e.g., Arnold v. Doe*, No. 3:11-CV-01342, 2013 WL 3716519 at *5 n.2 (D.Conn. July 12, 2013).  In the case at bar, however, as "Plaintiff was specifically instructed by the Court in a June 4, 2013 Order," i.e., [Doc. 5], "to file an Amended Complaint 'identify[ing] all defendants in the case caption and clearly list[ing] the claims against each defendant,'" and, despite this, "Plaintiff ha[d] made no additional effort to pursue claims against [Ramos], Saylor, or Bellerose," the Court concluded in its January 16, 2014 Order that these individuals were not defendants. [Doc. 39] (citations omitted).

Plaintiff avers in the motion he now brings before the Court, [Doc. 40], that when he "drafted his Amended Complaint ... he inadvertently omitted Lieutenants ... Saylor, Ramos[,] and Bellerose['s] name[s] from the case caption," and, moreover, that "[i]t should not be ignored that it is clear from a careful reading of [Plaintiff's] Amended Complaint [that] Plaintiff clearly intended to conclude Lieutenants ... Saylor, Ramos and Bellerose as defendants to this action." [Doc. 40].  Plaintiff further states that while he "is cognizant of the fact th[at] this Court's" June 4, 2012 "Order directed or instructed Plaintiff to file an Amended Complaint identifying all defendants in the case caption[, ...] it was only a lack of oversight that resulted in the omission of ... Lieutenant[s] Ramos, Saylor[,] and Bellerose from the case caption" of the Amended Complaint Plaintiff filed on September 24, 2012, i.e., [Doc. 12].  *See* [Doc. 40] at 2.  Plaintiff therefore prays either that this Court consider such Amended Complaint to contain claims against Lieutenants Ramos, Saylor, and Bellerose, or, in the alternative, that the Court permit Plaintiff additional time in which to file a Second Amended Complaint to include these three individuals

as defendants.  *Id.* at 2-3.

For the reasoning articulated in its January 16, 2014 Order, the Court does not and will not consider Lieutenants Ramos, Saylor, or Bellerose to be defendants under Plaintiff's September 24, 2012 Amended Complaint, i.e., the operative complaint in this action.  However, the Court **GRANTS** Plaintiff motion to receive additional time in which to file a Second Amended Complaint which includes these three individuals as defendants in its case caption, and which thereby makes them parties within this matter.  Accordingly, such Second Amended Complaint shall include Plaintiff's claims against Lieutenants Ramos, Saylor, and Bellerose along with the pending claims and allegations contained within Plaintiff's First Amended Complaint; it shall comply with the Court's previous instructions in such regard.  Plaintiff *shall not alter the pending claims or include any new claims* in his proposed Second Amended Complaint.  To that end, should Plaintiff so wish, Plaintiff may merely add the names of Lieutenants Ramos, Saylor, and Bellerose to the case caption of the current Amended Complaint and file such document as a proposed Second Amended Complaint.  Plaintiff shall file any proposed Second Amended Complaint on or before **Friday, March 21, 2014.**

In response to Plaintiff motion, Defendants "respectfully move[d] [the Court] for an enlargement of time until the later of thirty days after the [C]ourt rules on ... [P]laintiff's motion for permission to amend [the] complaint ... or thirty days ... after the [C]ourt concludes an initial review order of ... [P]laintiff's amended complaint and service is effectuated on any new party." [Doc. 41] at 1.  In support of this request, counsel for Defendants avers that he "has been preparing a motion to dismiss, which is substantially complete," and which "is in respond to the *current complaint*," and that, should any prospective additional parties under a second amended

4

complaint "choose to be represented by the Office of the Attorney General, [Defendants'] counsel [would] have to obtain and review addition documents relevant to the complaint, meet with the new clients, examine issues of service and representation, and file an appropriate response." *Id*. at 2 (emphasis in original).

As an initial matter, the Court notes that it has set *two* prior final deadlines for Defendants' response to Plaintiff's Complaint, the second of which was exactly a week after Defendants filed the motion at bar.  The first such deadline, which was issued in a December 11, 2013 Order granting a motion for extension by defendants *nunc pro tunc*, was February 3, 2014. [Doc. 37].  In that Order, the Court explicitly cautioned counsel Order "that this extension [was] peremptory" and that "no further motions for enlargement of time [would] be entertained." *Id*. However, despite this language, the Court *did* grant Defendants a second deadline by which to respond to Plaintiff's complaint after Defendants filed a Motion for Articulation with the Court. [Doc. 38].  Despite the Court having responded to Defendants' Motion for Articulation within a day of its filing, *see* [Doc. 39], the Court granted Defendants' motion for an additional extension of time in which to respond to Plaintiff's Amended Complaint, as Defendants had requested in their Motion for Articulation, thus allowing Defendants to receive thirty days "after the Court issue[d] its clarification to file an answer or response to the [c]omplaint" and setting a new deadline of February 18, 2014.  *See* [Doc. 38] at 1, [Doc. 39].

Pursuant to the Court's ruling allowing Plaintiff to file a proposed Second Amended Complaint, *supra*, Plaintiff is precluded from amending his claims against existing defendants in this action.  Given that, the Court sees no reason why Defendants would require an additional extension of time in which to respond to Plaintiff's Amended Complaint, particularly as

Defendants' counsel has represented that he had substantially completed a motion to dismiss concerning claims contained within the applicable Amended Complaint.  Such claims will not change or be altered as to current Defendants should any proposed Second Amended Complaint, if filed, become the operative complaint in this matter; therefore the Court can discern no prejudice from requiring those Defendants currently in this action to file a response to Plaintiff's Amended Complaint.  Doing so would enable the case to proceed with respect to the currently existing claims.  Accordingly, Defendants' motion for extension of time is **DENIED**.  Defendants are directed to file their response to Plaintiff's Amended Complaint on or before **Friday, February 28, 2014.**

    The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       February 21, 2014

                                            /s/ *Charles S. Haight, Jr.*
                                            Charles S. Haight, Jr.
                                            Senior United States District Judge