## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

IRA ALSTON,

               Plaintiff,

   v.

LIEUTENANT BELLEROSE,
LIEUTENANT RAMOS, LIEUTENANT
SAYLOR, PAUL GERMOND, MICHAEL
PAFUMI, C.O. JOSEFIAK, C.O.
HARTLEY, C.O. PAGAN, C.O. ALCIDES
SANTIAGO, C.O. PRIOR, C.O. KIDD, C.O.
CIEBOTER, C.O. GLENN WILLIAMS, C.O.
DANIEL STEWART, C.O. JAMES
DELPESCHIO, C.O. MICHAEL WHITE,
LIEUTENANT DARREN CHEVALIER,

               Defendants.

3:12-cv-00147 (CSH)

**JULY 28, 2016**

**HAIGHT**, Senior District Judge:

### THIRD OMNIBUS RULING ON PENDING MOTIONS

The background of this *pro se* civil rights action has been detailed extensively in prior orders

of the Court, familiarity with which are assumed. *See* Docs. 15, 82, 123. The Court now resolves

the eleven motions pending before it.

## I

**A.**   **Plaintiff's Motion to Serve Additional Interrogatories** [Doc. 124, 134]

Plaintiff moves pursuant to Rule 33(a)(1), to serve additional interrogatories on Defendant

Pafumi (additional 34 interrogatories) and Defendant Bellerose (10 additional interrogatories). Rule

33(a)(1) states that "[u]nless stipulated or ordered by the Court, a party may serve on any other party

no more than 25 written interrogatories."  Plaintiff argues that he is a *pro se* prisoner plaintiff who

is necessarily limited in the discovery devices available to him (*i.e.* depositions), and therefore the

ends of justice are served by expanding those devices that are available to him, such as

interrogatories.  Defendant has filed no opposition to the motion.  Pursuant to this District's Local

Rules, "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause

to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."  D.

Conn. Civ. R. 7(a)(1).  In light of Plaintiff's argument as to the limitations on discovery imposed by

his incarceration, the Court finds in this instance that Defendants' failure to oppose the motion is

sufficient cause for the motion to be granted.  Plaintiff will be entitled to serve on Defendants Pafumi

and Bellerose the additional interrogatories.[1]

**B.     Plaintiff's Motion for Spoliation Sanctions** [Docs. 125, 132]

Plaintiff moves for an adverse inference instruction in light of Defendants' purported

spoliation of two sources of video evidence: (i) "handheld camera video footage of Plaintiff's initial

placement on [in-cell restraint status on April 23, 2010]," and (ii) "Nicevision video surveillance

footage of the outside exercise yard where the alleged assault by Defendant Santiago took place."

Doc. 125, at 2, 4.

The Second Circuit applies a three-part test for the imposition of spoliation sanctions, which

requires the movant to establish:

> (1) that the party having control over the evidence had an obligation
> to preserve it at the time it was destroyed; (2) that the records were

---

[1]  The Court acknowledges that the presently operative discovery deadline passed in this case on April 1, 2016.  In light of the Rulings contained herein, and as detailed *infra*, the Court is ordering a limited re-opening of discovery of sixty additional days following this Ruling for the parties to comply with the orders made herein.

destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (citing *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-12 (2d Cir. 2001)).

Plaintiff's motion as to the handheld video coverage is mooted in light of Defendants' statement that "The Department of Correction recently located the hand-held video involving the plaintiff's placement on in-cell restraints status from April 23, 2010 (video #10-0763)," and it "is in the process of helping the facility to make arrangements for the plaintiff to view this video." Doc. 132 ¶ 1. In light of the fact that the handheld video was not destroyed—and that the jury will presumably be able to view it—spoliation sanctions are not appropriate.

It is a quite different story as to the alleged existence of the "Nicevision" video purporting to document the interaction of Plaintiff and Defendant Santiago in the prison's exercise yard on April 23, 2010. Plaintiff alleges that Defendants purposefully hid the fact that such footage existed by omitting its failure to preserve the video when objecting to the discovery demands requesting it. In fact, Plaintiff claims that Defendants purposefully hid a report from Deputy Warden Faucher in which Faucher noted that Defendant Bellerose was instructed "by the Shift Commander to ensure Nicevision video [of the incident] was secured." Doc. 125-2. Plaintiff claims that he only learned of such report by receiving it not through litigation discovery, but pursuant to a Freedom of Information Act request.

Through these claims, Plaintiff has satisfied each of the three required elements for spoliation sanctions. At the outset, the Court notes that Defendants do not oppose Plaintiff's argument that they

3

in fact failed to preserve the Nicevision video footage.  Rather, they argue only that it is premature to impose any specific sanction because "it's not clear who the charge regarding this inference would be directed against."  Doc. 132 ¶ 2.  Accordingly, the Court finds that the Nicevision video footage was not preserved.

Next, the Court finds that the *Residential Funding* factors are met in this instance.[2]  *First*, Defendants cannot credibly state they had no obligation to preserve the video footage.  An "obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation," including "when a party should have known that the evidence may be relevant to future litigation."  *Kornisch v. U.S.*, 150 F.3d 112, 126 (2d Cir. 1998).  Clearly, videotape of a physical altercation may be relevant to future litigation, especially inside the prison context.[3]  Further, the report from Faucher indicates his awareness that such video should have been preserved.  *Second*, Defendants had the culpable state of mind required for spoliation sanctions.  In this Circuit, negligence suffices to establish culpability for spoliation sanctions, *Residential Funding*, 306 F.3d at 108, and "[o]nce the duty to preserve attaches, any destruction of [evidence] is, at a minimum negligent."  *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003); *see also Mpala v. City of New Haven*, 2014 WL 883892, at * 6 (D. Conn. Mar. 6, 2014) ("Because the Library was arguably obligated to preserve the September 18 video and it did not do so (if a video even existed), it possessed the requisite ordinarily negligent state of mind for the Plaintiff to proceed on his

---

[2]  The Court notes that Defendants raised no counter-arguments as to any of the *Residential Funding* factors.  Again, it only argued that it is premature to identify a sanction.

[3]  This is especially so as to the Plaintiff here, an individual that the Attorney General's office has elsewhere identified as a familiar litigant:  "[t]his office, and a number of the defendants in this matter, are currently defending multiple cases brought by this pro se plaintiff in this court and in the Connecticut Superior Courts."  *Alston v. Chapdelaine*, No. 3:15-cv-00434 (CSH), Doc. 79, at 2.

spoliation argument").  Defendants' failure to produce the Faucher report, and to notify Plaintiff that the video had not been preserved, further establishes their culpability.  *Third*, video of the incident in the yard is unquestionably relevant to this case as that physical altercation is a centerpiece of Plaintiff's complaint.

The Court therefore holds that spoliation sanctions are warranted for the Defendants' failure to preserve the Nicevision video footage.  However, the Court agrees with the Defendants that it is premature at this stage to declare the specific sanction to be imposed for Defendants' spoliation of the Nicevision video footage.  Such will be the proper subject of a pre-trial motion.  The Court therefore grants in part Plaintiff's motion for spoliation sanctions.

**C.    Plaintiff's Motion to Consolidate** [Docs. 128, 132]

Plaintiff moves to consolidate this action with another suit he has brought in this district: *Alston v. Pafumi, et al.*, No. 3:09-cv-01978 (VAB).  *First*, Judge Bolden has already denied a similar "Motion to Transfer" filed by Plaintiff in the *Pafumi* case and made the judicial determination that these two cases are not adequately related for purposes of such a motion.  *Pafumi*, Doc. 256.  *Second*, for cases to be consolidated pursuant to Fed. R. Civ. P. 42(a), there must exist a "common question of law or fact."  Plaintiff only identifies that the cases share certain parties, and that the nature of the facts are "similar."  Doc. 128, at 4.  However, Plaintiff acknowledges that the cases involve discrete incidents separated by five months in time.  Doc. 128, at 3.  In such circumstances, Rule 42(a) is inapplicable.  Plaintiff's motion is denied.

**D.     Plaintiff's Motion to Amend the Complaint** [Docs. 137, 139, 142]

On February 11, 2016, the Court granted Plaintiff's motion to join the following individuals

as Defendants, previously identified as John Does ## 1-5: Glenn Williams, Daniel Stewart, James

DelPeschio, Michael White, and Darren Chevalier.  On April 14, 2016, Plaintiff then filed a motion

for leave to file a third amended complaint "adding to the Complaint all newly joined Defendants."

Doc. 137, at 1.  Plaintiff argues that he should be given leave to amend in light of the following:

> Since the filing of the second amended complaint the plaintiff has
> determined that the name of the John Doe defendants are Alcides
> Santiago, Joseph Pagan, Matthew Prior, James DelPeschio, Michael
> White, Daniel Stewart, Glenn Williams and Darrel Chevalier.  In the
> attached Third Amended Complaint paragraphs ## 85-112 of the
> allegations are amended to reflect the identity and actions of
> aforementioned Defendants.

Doc. 137 ¶ 2.[4]

Defendants object principally on the basis that "the plaintiff has amended a significant

majority of the Second Amended Complaint and does so well beyond identifying the previously

named John Doe defendants.  The proposed Third Amended Complaint adds facts, deletes facts, and

re-characterizes and reframes facts."  Doc. 139, at 1.  Plaintiff responds that Defendants

mischaracterize the non-John Doe related revisions to the complaint, claiming that they are mainly

stylistic in nature and would have no impact with respect to the responsive pleadings made by

Defendants in their Answer to the Second Amended Complaint.  Doc. 142.

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff in this case may offer his Third Amended

Complaint "only with the opposing party's written consent or the court's leave."  However, "[t]he

---

[4]  The Court notes that Defendants Santiago, Pagan, and Prior were not one of the five "John
Doe defendants," and were already identified by name as parties in Plaintiff's Second Amended
Complaint.  *See* Doc. 51.

court should freely give leave when justice so requires." Defendants do not consent to the amendment, and they claim that justice does not require it. They argue that they "are prejudiced by any attempt to substantively amend the complaint beyond substituting the previously named 'John Doe' ##1-5 defendants," because "the pleadings will re-open, defendants will have to reexamine and respond to each new paragraph and re-characterization of allegations in the complaint, and both summary judgment and trial will be delayed." Doc. 139, at 3-4. The Second Circuit has "referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010). However, given the minor scope of the revisions in the proposed amendment, the Court is not persuaded that Defendants' would face serious prejudice.

Nevertheless, the Court finds reason to deny the amendment as proposed. Although Rule 15(a)(2) states that leave to amend should be "freely give[n]," it also states such leave should only be provided where "justice so *requires*." Here, Plaintiff has offered no explanation why its non-John Doe related amendments are required, arguing only that they "clarify" certain elements of the pleadings. Further harming his position is that his brief intimates that the only changes he sought were to add in the newly joined Defendants; he made no representation that the proposed amendment contained any other revisions. Given the relatively late nature of the amendment, the Court believes Plaintiff's proposed non-John Doe amendments—which are offered simply to "clarify" certain allegations—would complicate rather then further the ends of justice.

In light of the foregoing, Plaintiff's motion for leave to file his proposed amended complaint is denied. However, if Plaintiff so chooses, he may file a Third Amended Complaint on the

condition that the only substantive alteration from the Second Amended Complaint is the replacement of the terms "John Doe" with the individuals Plaintiff has now identified.

**E.    Plaintiff's Rule 36(a)(3) Motion** [Docs. 138, 143]

Plaintiff moves pursuant to Fed. R. Civ. P. 36(a)(3) for an order that the Requests for Admission ("RFAs") he served on Defendant Bellerose on September 23, 2015 be deemed admitted in light of that Defendant's alleged failure to respond to those requests.  Fed. R. Civ. P. 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served [with a request for admission], the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

Plaintiff acknowledges that he served his RFAs on Defendant Bellerose after the then operative September 1, 2015 discovery deadline had passed.  However, pending at the time was Plaintiff's September 9, 2015 request to extend that discovery deadline.  On February 11, 2016, this Court extend the discovery deadline to April 1, 2016.  Defendants' counsel then attests via affidavit that he served responses to the Bellerose RFAs by that deadline, specifically, on March 30, 2016. Doc. 143-1 ¶ 3.  However, it appears that Plaintiff never came into possession of that document. Because Plaintiff admittedly never conferred with Defendants prior to filing his Rule 36(a)(3) motion, Defendants learned for the first time that Plaintiff had not received the responses to the Bellerose RFAs through the instant motion.  Defendants' counsel attests by affidavit that he sent another copy of those responses to Plaintiff on May 3, 2016.  Doc. 143-1 ¶ 4.  Plaintiff elected not to file a reply brief, and thereby raises no objection to the Defendants' argument that they satisfied their obligations by serving the responses to the Bellerose RFAs on March 30, 2016.  Plaintiff's motion is denied.

8

**F.    Plaintiff's Motion for Sanctions** [Docs. 153, 155, 159, 160]

Plaintiff moves for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) in light of what he argues is Defendants' failure to respond properly to the Court's discovery orders made within its Second Omnibus Ruling, [Doc. 123].  Defendants respond that they have been diligently working to resolve each discovery dispute identified in Plaintiff's motion and that any sanctions motion is premature.  In fact, Defendants argued that they were currently responding to Plaintiff's May 2016 discovery letters, which they received just two weeks prior to Plaintiff's filing of his motion for sanctions.

Fed. R. Civ. P. 37(b)(2)(A) states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including a number of permissible sanctions.

> [S]everal factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance. . . . Because the text of the rule requires only that the district court's order by "just," however, and because the district court has wide discretion in imposing sanctions under Rule 37 . . .  these factors are not exclusive . . .

*Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (internal quotations and citations omitted).

With those factors in mind, the Court declines at present to issue an order of sanctions.  This is largely because Plaintiff's motion is premature, given Defendants' representations that the parties are actively involved in discussions regarding the scope of Defendants' discovery obligations

pursuant to the Court's Second Omnibus Ruling.  For example, Plaintiff takes issue with the fact that by June 7, 2016, Defendants had yet to respond to Plaintiff's May 16, 2016 letter seeking Plaintiff's "local master file."  The Federal Rules strongly encourage the parties to resolve discovery issues amongst themselves, and the Court takes Defendants at their word that they are working to respond to these requests.  Moreover, Plaintiff's motion acknowledges that Defendants have made significant productions of documents following the Second Omnibus Ruling.  Plaintiff therefore makes no showing that Defendants actions are willful.  Rather, it appears that Defendants' actions have been reasonable in light of the balancing act they must perform in representing a public penal institution and the sensitivities that arise therewith.

That is not to say that Defendants will be immune from discovery sanctions in this case.  It is merely to say that such sanctions are not applied in a vacuum, and that when contextualized, Defendants efforts to comply with the Second Omnibus Ruling do not yet amount to sanctionable non-compliance.  In other words, it is not at present apparent that Defendant has "fail[ed] to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(a)(2)(A).  Plaintiff's motion for sanctions is denied.

G.   **Motions for Extensions of Time** [Docs. 133, 145; 135; 150; 158; 161]

Currently pending are several motions to extend certain case deadlines.  Defendants moved for an additional thirty days to respond to certain discovery requests made prior to the Court's extension of the discovery deadline on February 11, 2016.  Doc. 133.  Defendants then moved for an additional fourteen days to comply with the Court's February 11, 2016 order, [Doc. 135], as well as an additional thirty days in which to respond to discovery requests served on Defendants on September 16 and 17, 2015, [Doc. 150].  Plaintiff, for his part, has filed a motion seeking to enlarge

the time by which he must respond to Defendants' first request for the production of documents. Doc. 158. Each of the above motions are hereby granted, and, to the extent required, they are granted *nunc pro tunc*. To the extent the discovery identified in the above-referenced motions has yet to be completed, the Court hereby orders that such discovery may be completed within thirty (30) days of entry of this order.

Finally, the individuals previously identified as "John Doe" have moved for an extension of time by which they must respond to the complaint in this action. Doc. 161. Given the Court's ruling that it is not currently permitting Plaintiff to amend his complaint, this motion is denied as moot. If Plaintiff files another amended complaint as discussed above, the "John Doe" individuals must then respond to that complaint in line with the deadlines imposed by the Federal Rules of Civil Procedure.

## II

Based on the foregoing, the Court makes the following Ruling and Order.

1.      Plaintiff's Motion to Serve Additional Interrogatories [Doc. 124] is GRANTED.

2.      Plaintiff's Motion for Spoliation Sanctions [Doc. 125] is GRANTED IN PART and DENIED IN PART.

3.      Plaintiff's Motion to Consolidate [Doc. 128] is DENIED.

4.      Plaintiff's Motion to Amend the Complaint [Doc. 137] is DENIED WITHOUT PREJUDICE.

5.      Plaintiff's Rule 36(a)(3) Motion [Doc. 138] is DENIED AS MOOT.

6.      Plaintiff's Motion for Discovery Sanctions [Doc. 153] is DENIED.

7.      The Parties' Motions for Extensions of Time [Docs. 133, 145; 135; 150; 158] are GRANTED, and, to the extent appropriate, are granted *nunc pro tunc*, with the

exception of certain Defendants' Motion for Enlargement of Time Nunc Pro Tunc to Respond to Plaintiff's Complaint, [Doc. 161], which is DENIED AS MOOT.

8.      In light of the foregoing, the Court enters the following SCHEDULING ORDER:

     a.      **All Discovery Completed** — September 26, 2016

     b.      **Motions for Summary Judgment** — On or before October 3, 2016

     c.      **Trial Memoranda Due** — November 3, 2016 or 45 days from the Court's ruling on any summary judgment motion, whichever is later.

     d.      **Trial Ready Date** — December 5, 2016, or within 30 days after the filing of the trial memoranda, whichever is later.

All the foregoing is SO ORDERED.

Dated:   New Haven, Connecticut
         July 28, 2016

                           */s/ **Charles S. Haight, Jr.***
                           CHARLES S. HAIGHT, JR.
                           Senior United States District Judge